■ LEONARD W. WILSON, JR., et al., Appellants, v GERSTENZANG, WEINER & GERSTENZANG et al., Respondents. [666 NYS2d 332] —Carpinello, J. Appeal from an order of the Supreme

---

Court (Keegan, J.), entered September 12, 1996 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint.

In this legal malpractice action, plaintiffs alleged that defendant Michael E. Mine, while an associate attorney at defendant Gerstenzang, Weiner & Gerstenzang, negligently failed to commence an intentional tort cause of action within the one-year Statute of Limitations against Christopher Akers following an incident at work where Akers kicked plaintiff Leonard W. Wilson, Jr. (hereinafter plaintiff) in the buttocks. Akers is a 50% shareholder of CAV-ARK Builders, the corporation which employed plaintiff. In the complaint, as well as in plaintiff's examination before trial, plaintiffs refer to Akers as the owner of CAV-ARK Builders and plaintiff's "employer". As a result of his injuries, plaintiff was awarded workers' compensation benefits pursuant to a determination of the Workers' Compensation Board which was neither appealed nor modified.

We begin by noting that in order to establish a legal malpractice claim against defendants, plaintiffs must demonstrate that they would have succeeded on the merits of the underlying action but for defendants' negligence (*see, e.g., Davis v Klein*, 88 NY2d 1008, 1009). An intentional tort committed by an employer against an employee creates "the unique, initial option on the part of the injured employee to sue the employer for civil damages or, in the alternative, to obtain workers' compensation benefits" (*Matter of Hardie v New York State Attica Correctional Facility*, 144 AD2d 164, 166, *lv dismissed* 73 NY2d 918, *lv denied* 76 NY2d 708). Mine informed plaintiff that his acceptance of workers' compensation benefits would preclude him from bringing a lawsuit against his employer and suggested that he notify the Board that he was electing not to collect such benefits.

Disregarding Mine's advice, plaintiff continued to accept workers' compensation benefits for his injuries, thereby forfeiting his right to maintain an intentional tort action against Akers (*see, Cunningham v State of New York*, 60 NY2d 248, 251-253; *Werner v State of New York*, 53 NY2d 346, 352-353), whom, under these circumstances, we find to be plaintiff's employer. Plaintiffs' own pleadings establish that Akers has an identity indistinguishable from that of CAV-ARK Builders (*see*, 6 Larson, Workers' Compensation Law § 68.22; *see generally, Garcia v Gusmack Rest. Corp.*, 150 NYS2d 232). That being the case, the legal malpractice action is without merit since plaintiff opted to collect workers' compensation benefits precluding a separate claim against Akers; accordingly, Supreme Court did not err in dismissing the complaint.

Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.