999 P.2d 892

Neal FARNWORTH, Plaintiff–Appellant,

v.

Terry S. RATLIFF and Lawrence E. Kirkendall, Defendants–Respondents.

Neal Farnworth, Plaintiff–Counterdefendant,

v.

Terry S. Ratliff, Defendant–Counterclaimant,

and

Lawrence E. Kirkendall, Defendant.

No. 24999.

Supreme Court of Idaho, Boise, January 2000 Term.

April 28, 2000.

238

Schlender Law Office, Chtd., Hailey, for appellant. E. Lee Schlender argued.

Ringert Clark, Chtd., Boise, for respondent Kirkendall. Patrick D. Furey argued.

Ratliff Law Offices, Chtd., Boise, for respondent. Terry S. Ratliff, pro se, argued.

TROUT, Chief Justice.

This is an appeal from a grant of summary judgment in an attorney malpractice case. Neal Farnworth argues the district judge improperly issued summary judgment for the defendants, Terry Ratliff and Lawrence Kirkendall, because genuine issues of material fact existed concerning the nature of the conduct by Canyon County jail employees.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 6, 1994, while Farnworth was an inmate at the Canyon County jail, he was attacked by a fellow inmate, Shawn Schwin. Schwin knocked Farnworth down a flight of concrete stairs and Farnworth suffered serious injuries as a result of this fall. Following his release from jail, Farnworth contacted Ratliff, who at that time was an associate with Kirkendall Law Offices, to discuss a potential suit against Canyon County. On August 15, 1994, Ratliff filed a Notice of Tort Claim with Canyon County as is required by I.C. § 6–906. On September 15, 1995, Ratliff left Kirkendall Law Offices and opened his own practice, taking the Farnworth file with him. No suit was filed against Canyon County prior to the running of the statute of limitations.[1]

On March 21, 1997, Farnworth filed suit, alleging malpractice against both Ratliff and Kirkendall for allowing the statute of limitations to run without filing suit. Kirkendall responded by filing a motion for summary judgment arguing that, because the statute of limitations did not run until some seven months after Ratliff left Kirkendall's office, Farnworth's claim against Kirkendall should be summarily dismissed. That motion was denied. Farnworth then filed a motion for summary judgment, to which Kirkendall responded by filing a cross-motion for summary judgment in which Ratliff joined.

On September 11, 1998, the district judge denied Farnworth's motion for summary judgment and granted summary judgment to both Ratliff and Kirkendall. The district judge first noted Farnworth must establish he would have had some chance at success in the underlying case in order to recover in a malpractice action. Next, the district judge found that, under I.C. §§ 6–904A and 6–904C(2), in order to recover on the underlying case, Farnworth would have to prove Canyon County officials engaged in reckless, willful, and wanton conduct. Finally, the district judge held as a matter of law, after construing all inferences in favor of Farnworth, the undisputed facts in the record disclosed no conduct on the part of Canyon County officials arising to the level required by the statutes. This appeal followed.

## II.

### STANDARD OF REVIEW

 When this Court reviews a trial court's decision on a motion for summary judgment, it employs the same standard as that employed by the trial court. *McKay v. Owens*, 130 Idaho 148, 152, 937 P.2d 1222, 1226 (1997). Summary judgment is proper "if the pleadings, depositions, and admissions

---

1. There is some disagreement about when the statute of limitations actually ran. In its opinion and order, the district judge states the statute ran on August 15, 1995, and this is the date used by Farnworth. Ratliff and Kirkendall argue the earliest date on which the statute could have run was April 1996, two years after the alleged tort occurred. While it appears Ratliff and Kirkendall are correct, it is immaterial to this appeal because there is no dispute about the fact that the statute was allowed to expire before a suit was filed.

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). In applying this standard, this Court liberally construes all facts in favor of the non-moving party, and will draw all reasonable inferences and conclusions supported by the record in favor of the party opposing the motion. *McKay,* 130 Idaho at 152, 937 P.2d at 1226.

## III.

## DISCUSSION

**1. The district judge did not err in granting summary judgment to the defendants.**

The district judge held, and both parties agree, that in order for Farnworth to recover in his malpractice action, he must first demonstrate he would have some chance of success in the underlying action against Canyon County. *See Lamb v. Manweiler,* 129 Idaho 269, 272, 923 P.2d 976, 979 (1996). Because Farnworth's claim against Canyon County arose out of injuries inflicted by a person under the supervision and custody of Canyon County, I.C. § 6–904A applies. Idaho Code Section 6–904A provides in relevant part:

A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent and without reckless, willful and wanton conduct as defined in section 6–904C, Idaho Code, shall not be liable for any claim which:

. . .

2. Arises out of injury to a person or property by a person under supervision, custody or care of a governmental entity or by or to a person who is on probation or parole or any work-release program, or by or to a person receiving services from a mental health center, hospital or similar facility.

I.C. § 6–904A. Additionally, I.C. § 6–904C defines "reckless, willful and wanton conduct" as present "only when a person intentionally and knowingly does or fails to do an act creating unreasonable risk of harm to

another, and which involves a high degree of probability that such harm will result." I.C. § 6–904C.

In *Harris v. State, Dept. of Health and Welfare,* 123 Idaho 295, 847 P.2d 1156 (1992), we stated the applicable test for "reckless, willful and wanton conduct" as whether the person " 'intentionally does or fails to do an act, knowing or having a reason to know facts that would lead a reasonable man to realize that his conduct not only creates unreasonable risk of harm to another, but involves a high degree of probability that such harm would result.' " *Id.* at 299, 847 P.2d at 1160 (quoting *Jacobsen v. City of Rathdrum,* 115 Idaho 266, 270, 766 P.2d 736, 740 (1988)). Additionally, we held the key element of this definition is a type of knowledge that implies an element of foreseeability. Under this standard, the type of harm incurred must be manifest or ostensible, and highly likely to occur. *Id.* As we noted, "[t]o hold otherwise would impose a debilitating burden on the state, requiring it to infer the highest social risk from a ward's minimal antisocial behavior. . . ." *Id.*

Applying this standard to the facts of this case, we hold the district judge properly granted summary judgment to Ratliff and Kirkendall. Drawing all inferences in favor of Farnworth, the record reflects the officers knew Schwin had been involved in at least one altercation with another inmate, but that Schwin had been the victim, not the aggressor. Although Farnworth testified he witnessed this altercation, he never identified Schwin as the aggressor or gave any details as to previous confrontations in which he claims Schwin was involved. Farnworth has therefore failed to contradict the officers testimony that Schwin was always the victim, not the aggressor, in any prior altercations with inmates. The deposition testimony of the officers reveals Schwin had been moved out of several different units at the jail because of his inability to get along with other inmates. However, each of these moves had apparently been made at Schwin's request due to his fear of the other inmates. Farnworth has provided no evidence to support an inference that the officers knew or had reason to know the type of harm suffered by

240

Farnworth (i.e., the violent attack by Schwin) was manifest and highly likely to occur. Rather, the record reflects Schwin was placed in the higher security Unit B for his own protection, not because he was viewed as a threat to other inmates.

Farnworth argues the officers knew Schwin had been involved in at least one prior fight with another inmate and, therefore, it was foreseeable Schwin might attack another inmate. However, the type of foreseeability the *Harris* standard envisions is much narrower than the "mere possibility of aggressive tendencies harbored by the state's ward." *Harris*, 123 Idaho at 299, 847 P.2d at 1160. The officers must have known, or had reason to know, Schwin's attack on another inmate was highly likely to occur. Because the record is devoid of any evidence Schwin had ever been physically aggressive toward another inmate (as opposed to simply being verbally aggressive), Farnworth has failed to show how Schwin's attack on Farnworth could have been foreseeable to the County, at least at the level of foreseeability contemplated by I.C. § 6–904A and the *Harris* case.

Farnworth also argues summary judgment was improper because the Notice of Tort Claim, filed on behalf of Farnworth and signed by Ratliff, stated there was willful, reckless and wanton conduct by County employees. Farnworth contends the notice demonstrates the attorneys believed the claim had merit and therefore provides sufficient evidence to preclude summary judgment. While the notice may be material to the question of whether the attorneys committed malpractice in failing to pursue the claim, it is still necessary for Farnworth to demonstrate he could have succeeded in pursuing this action against Canyon County. The notice of tort claim is irrelevant to this initial requirement because it is not evidence of what the officers did or failed to do, and is simply a notice to Canyon County that Farnworth intended to file a claim based on the allegations in the notice. Because Farnworth has failed to raise a genuine issue as to the statutory immunity provided to the Canyon County officers, he has failed to show he could have succeeded on the underlying ac-

tion. We affirm the district judge's grant of summary judgment to Ratliff and Kirkendall.

## 2. Attorney fees on appeal.

In his brief, Kirkendall requested attorney fees pursuant to I.A.R. 40 and I.C. § 12–121; however, Kirkendall has failed to provide any argument on this issue. We will not consider issues cited on appeal "that are not supported by propositions of law, authority or argument" and will not consider Kirkendall's request in this case. *Meisner v. Potlatch Corp.*, 131 Idaho 258, 263, 954 P.2d 676, 681 (1998).

## IV.

## CONCLUSION

We affirm the decision of the district judge granting Ratliff and Kirkendall's motion for summary judgment. We award costs, but not attorney fees, to respondents.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL, concur.