■ NICOLE ADAMOPOULOS et al., Respondents, v THOMAS F. LIOTTI et al., Appellants. [708 NYS2d 706] —In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Queens County (Milano, J.), dated July 7, 1999, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Nicole Adamopoulos (hereinafter the plaintiff) was injured when she tripped and fell on a staircase at a Long Island Railroad (hereinafter LIRR) station in Roslyn. The plaintiff alleged that she was caused to fall because the heel of her shoe got caught in a hole in the staircase. The plaintiff retained the defendants to sue the LIRR, but they failed to timely commence an action. Thereafter the plaintiff brought this action to recover damages for legal malpractice against them.

"[T]o state a claim sounding in legal malpractice, the plaintiff must show that the defendants failed to exercise the skill commonly exercised by an ordinary member of the legal community, that such negligence was the proximate cause of damages, and that 'but for' such negligence the plaintiff would have prevailed on the underlying action" (*Raphael v Clune, White & Nelson*, 201 AD2d 549, 550; see, *Campcore, Inc. v Mathews*, 261 AD2d 870; *Marshall v Nacht*, 172 AD2d 727).

Contrary to the defendants' contention, it cannot be concluded as a matter of law that the defect in the staircase was of such a trivial nature that it could not have given rise to a legal liability on the part of the LIRR (see, *Trincere v County of Suffolk*, 90 NY2d 976; *Young v City of New York*, 250 AD2d 383; *Rivera v 2300 X-tra Wholesalers*, 239 AD2d 268). There is an issue of fact as to whether the plaintiff would have prevailed in a action against the LIRR "but for" the defendants' admitted failure to timely commence such a lawsuit (see, *Metrokane Imports v Kane, Dalsimer, Kane, Sullivan & Kurucz*, 150 AD2d 153; see generally, *Alvarez v Prospect Hosp.*, 68 NY2d 320). Ritter, J. P., Santucci, S. Miller and Goldstein, JJ., concur.