■ MARIE L. CRUZ et al., Respondents, v DURST LAW FIRM et al., Appellants. [710 NYS2d 888] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about May 28, 1999, *inter alia*, denying defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

In an action for legal malpractice, defendant attorneys failed to meet their burden as summary judgment movants to demonstrate the absence of a triable issue as to whether plaintiffs would have prevailed to some extent in the underlying action but for their malpractice (see, *Shopsin v Siben & Siben*, 268 AD2d 578), i.e., failing in the underlying action to name and serve the record owner of the premises where plaintiff's personal injuries occurred, thus allowing the Statute of Limitations to expire against that party. Thus, denial of their summary judgment motion was required (*supra*). Concur—Nardelli, J. P., Ellerin, Lerner, Buckley and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH STRIPLIN, Appellant. [711 NYS2d 716] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered July 23, 1997, convicting defendant, after a jury trial, of murder in the first degree, and sentencing him to life imprisonment without parole, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence clearly established that the killing took place "while the defendant was in the course of committing or attempting to commit and in furtherance of robbery" (Penal Law § 125.27 [1] [a] [vii]; see, *People v Slaughter*, 78 NY2d 485, 490-491). Concur—Nardelli, J. P., Ellerin, Lerner, Buckley and Friedman, JJ.