■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSA ACOSTA, Appellant. [748 NYS2d 867] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered on or about June 29, 1999, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Buckley, J.P., Sullivan, Rubin, Friedman and Gonzalez, JJ.

■ HALIM JABBOUR et al., Respondents, v FINNEGAN'S MOVING & WAREHOUSE CORPORATION, Appellant. [749 NYS2d 531] —Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered June 14, 2002, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The circumstantial evidence was sufficient to permit a jury to infer that defendant's employee cut the legs of a railing in order to facilitate the moving of furniture, and failed to replace the railing properly, thereby causing plaintiff to fall and injure himself (*see Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744-745; *Negri v Stop & Shop*, 65 NY2d 625). Accordingly, there was a triable issue of fact as to whether defendant created the allegedly dangerous condition, and plaintiff was not required to prove that defendant had actual or constructive notice (*see Martinez v City of New York*, 224 AD2d 242, 243). Concur—Buckley, J.P., Sullivan, Rubin, Friedman and Gonzalez, JJ.