61 P.3d 572

**SACRED HEART MEDICAL CENTER,**
a Washington corporation, (regarding
Roberta P.), Petitioner–Appellant,

v.

**NEZ PERCE COUNTY
COMMISSIONERS,**
Respondents.

No. 26851.

Supreme Court of Idaho.
Lewiston, October 2002 Term.

Dec. 27, 2002.

Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene, for appellant. Michael B. Hague argued.

Nez Perce Prosecuting Attorney, Lewiston, for respondents. Hugh G. Jacobs, deputy prosecuting attorney, argued.

TROUT, Chief Justice.

This is a medical indigency case under chapter 35, title 31, Idaho Code. Appellant, Sacred Heart Medical Center ("SHMC"), appeals Respondents' Nez Perce County Commissioners ("County") denial of a third-party

claim for reimbursement for the cost of medical services rendered to an indigent resident of Nez Perce County. Because the facts support the County's denial of reimbursement, the district court judgment is affirmed.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1998, Roberta P. ("Patient"), an indigent resident of Nez Perce County, was undergoing treatment for gall bladder cancer by a Lewiston doctor. The Lewiston doctor performed surgery in July, 1998, to remove cancerous cells from Patient's gallbladder. Unsure if all the cancerous cells were removed, the doctor referred Patient to the Rockwood Clinic in Spokane, Washington. The Rockwood Clinic referred Patient to SHMC in Spokane. Patient consulted with a SHMC doctor on August 18, 1998. Sixteen days later, on September 2, 1998, Patient was admitted to SHMC for the previously-scheduled exploratory surgery of Patient's cancerous gall bladder. The bill for services rendered to Patient by SHMC was $18,651.47.

On October 2, 1998, SHMC submitted a third-party Application for Medical Assistance to Nez Perce County. In November, 1998, the County denied the application because the surgery was not "emergency treatment" under the medical indigency statutes. In a subsequent hearing, the County denied SHMC's appeal. In April 1999, SHMC filed a Petition for Judicial Review in the Second Judicial District Court. District Judge Kerrick affirmed the County's denial of SHMC's application for indigent assistance. SHMC filed a timely appeal on August 31, 2000.

## II.

### STANDARD OF REVIEW

A county's denial of an application for indigency benefits is reviewed under the Administrative Procedure Act, chapter 52, title 67, Idaho Code. I.C. §§ 31-3505G and –1506; *Sacred Heart Medical Center v. Kootenai County Comm'rs,* 136 Idaho 787, 790, 41 P.3d 215, 218 (2001). A reviewing court may not substitute its judgment for that of the county on questions of fact. *Sacred Heart Medical Center,* 136 Idaho at 790, 41 P.3d at 218. The reviewing court can reverse or modify the county decision only in limited circumstances such as when the county's decision is affected by error of law, is clearly erroneous in view of the whole record, or is found to be arbitrary and capricious. *See Idaho County v. Idaho Dep't of Health & Welfare,* 128 Idaho 846, 848, 920 P.2d 62, 64 (1996). Only if substantial rights of the appellant have been prejudiced may a reviewing court reverse the county's decision or remand for further proceedings. *See* I.C. § 67-5279(4). The substantial evidence rule requires the reviewing court to determine whether the county's findings of fact are "reasonable." *Sacred Heart Medical Center,* 136 Idaho at 790, 41 P.3d at 218 (citation omitted). This Court independently reviews the county's decision, albeit giving serious consideration to the district court's decision. *Id.*

## III.

### DISCUSSION

Under Idaho's medical indigency statute, an applicant for medical reimbursement must file an application for non-emergency necessary medical services ten days prior to receiving services from the provider, or must file within thirty days if the services are for emergency necessary medical services. I.C. § 31-3505. In this case, SHMC's application was filed exactly thirty days following the second surgery on Patient. Thus, to be reimbursed for its expenses, SHMC must show that the services received by Patient were emergency services. The statute defining "emergency service" is not ambiguous, and the County's findings are reasonable. Accordingly, we hold SHMC failed to provide "emergency service" as defined in the statute.

### A. Emergency Service

As defined in I.C. § 31-3502(13), "emergency service" means "a service provided for a medical condition in which sudden, serious and unexpected symptoms of illness or injury are sufficiently severe to

necessitate or call for immediate medical care." This dispute turns on whether "immediate" medical care was provided to Patient.

We must determine whether the County's findings of fact are "reasonable." *See Sacred Heart Medical Center*, 136 Idaho at 790, 41 P.3d at 218. The reasonableness of the findings is properly gauged by looking at the evidence the County considered in rendering its decision. The County was presented with both expert and lay opinions regarding Patient's condition. SHMC provided the February 25, 1999, affidavit of Dr. Holbrook, one of Patient's treating physicians. Dr. Holbrook stated that "[Patient's] condition on admission was sudden, serious, and an unexpected symptom of illness" calling for "immediate medical care." However, Patient first heard of needing surgery in July 1998. She then went to the Rockwood Clinic later in July, where she was referred to Dr. Holbrook, who did not see her until August 18. She was then scheduled for exploratory surgery sixteen days after that, on September 2. Thus, the County questioned whether "emergency services" were provided. Consequently, the County also considered the testimony and affidavit of Patient's husband. Patient's husband said Patient's condition on admission was neither "sudden [nor] unexpected" since Patient had been to see Dr. Holbrook on August 18, and at that time had surgery scheduled for September 2.

SHMC contends the County's decision was clearly erroneous since it relied on the testimony of a layperson that conflicted with the testimony of a doctor. SHMC cites *Application of Johnson*, 126 Idaho 392, 883 P.2d 1084 (Ct.App.1994), for the proposition that it is error to rely on lay testimony in this context. SHMC's reliance on this case is misplaced because we need not resolve here the conflict between expert and lay testimony in establishing what constitutes "sudden, serious and unexpected symptoms" necessitating medical care. Instead, we simply must decide if "immediate medical care" was rendered to Patient. *See* I.C. § 31–3502(13).

The County's assessment of the facts is reasonable. The chronology of events belies the claim that Patient received "immediate medical care." Following Patient's treatment for gall bladder cancer in 1998, she was first told of the possible need for a second opinion on July 9, 1998. There is no indication the Lewiston doctor thought exploratory surgery was immediately necessary, nor did Dr. Holbrook treat the cancer immediately when he examined Patient on August 18. Instead, he allowed sixteen days to pass before admitting Patient for surgery. We note that, between Patient's initial examination with Dr. Holbrook and when surgery occurred, there was sufficient time for SHMC to file an application for non-emergency necessary medical services. Given the agreement between the states of Idaho and Washington for reimbursement of "emergency services" only, such an application would have been fruitless, but it demonstrates the non-emergency nature of the surgery performed on Patient.

The medical records also fail to support Dr. Holbrook's affidavit. In addition to scheduling Patient for exploratory surgery sixteen days after initially meeting with her, none of the medical reports submitted to the County indicate the surgery was performed on an emergency basis. The determination of whether surgery is necessary is to be contrasted with whether a patient has received immediate medical care. While it may require expert medical testimony to determine the former question, a layperson is competent to determine the latter. There are sufficient facts in the record to support the determination that this case did not involve immediate medical care. Given these facts, we agree with the district court that the County's determination was reasonable.

### B. Attorney's Fees

SHMC requests an award for attorney's fees. Because SHMC does not prevail in this case, the request is denied.

The County also requests an award for attorney's fees. Because the County failed to make an argument and cite authority in support of its request for attorney's fees, the request is denied. *See Farnworth v. Ratliff*, 134 Idaho 237, 240, 999 P.2d 892, 895 (2000).

**218**

## IV.

### CONCLUSION

We hold that SHMC did not provide "emergency services" to Patient since "immediate medical care" was not rendered. Because SHMC's application for reimbursement was untimely for non-emergency services, the County properly denied the application. Therefore, we affirm the district court decision. We award costs, but not fees, on appeal to the County.

Justices SCHROEDER, WALTERS, KIDWELL and EISMANN, CONCUR.