[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE REARGUMENT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 COUNT ONE: LEGAL MALPRACTICE A. Statute of Limitations
The defendant moves for summary judgment on count one of the plaintiffs amended complaint, which alleges legal malpractice against the defendant for failing to file, in the plaintiffs 1995 federal action against her employer, a negligent infliction of emotional distress claim on behalf of the plaintiff within the two year statute of limitations. The defendant argues that General Statutes § 52-577, which governs legal malpractice actions, bars count one since the alleged negligent act or omission occurred more than three years prior to the filing of the present lawsuit.
"Section 52-577 applies to actions in which a plaintiff alleges legal malpractice. . . ." (Citation omitted.) Giulietti v. Giulietti,65 Conn. App. 813, 833, 784 A.2d 905, cert. denied, 258 Conn. 946,788 A.2d 95 (2001). General Statutes § 52-577 provides that "[n]o action founded upon a tort shall be brought within three years from the date of the act or omission complained of." "Section 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." (Internal quotation marks omitted.) Rosenfield v.Rogin, Nassau, Caplan, Lassman Hirtle, LLC, 69 Conn. App. 151,158, 795 A.2d 572 (2002).
Both parties agree that the plaintiffs cause of action for negligent infliction of emotional distress was time barred as of February 5, 1995.[1]
Thus, the defendant argues, as to a cause of action for legal malpractice based on a failure to file timely the emotional distress CT Page 1134 claim, § 52-577 began to run on February, 1995, and the plaintiff had until February 5, 1998, to bring such claim. The present action was not, however, commenced until November 5, 1999, when the defendant was served. The plaintiff does not dispute the limitations of § 52-577, rather, she argues that the attorney-client relationship constitutes a continuing course of conduct which tolls the limitation period until the conduct is complete.
"[I]n order [t]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where [our Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193, 203,746 A.2d 730 (2000). "[T]he doctrine is generally applicable under circumstances where [i]t may be impossible to pinpoint the exact date of a particular negligent act or omission that caused injury or where the negligence consists of a series of acts or omissions and it is appropriate to allow the course of [action] to terminate before allowing the repose section of the statute of limitations to run. . . ." (Internal quotation marks omitted.) Rosenfield v. Rogin, Nassau, Caplan, Lassman Hirtle, LLC, supra, 69 Conn. App. 160-61.
"[A] precondition for the operation of the continuing course of conduct doctrine is that the defendant must have committed an initial wrong upon the plaintiff." Sherwood v. Danbury. Hospital, supra, 252 Conn. 204. In this case, the plaintiff has established that the defendant failed to file the plaintiffs negligent infliction of emotional distress claim within the applicable statute of limitations period.
"A second requirement for the operation of the continuing course of conduct doctrine is that there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto . . . [T]his requirement [may] be satisfied when there [is] wrongful conduct of a defendant related to the prior act." (Citation omitted; internal quotation marks omitted.) Id., 204-05. "The doctrine of continuing course of conduct as used to toll a statute of limitations is better suited to claims where the situation keeps evolving after the act complained of is complete. . . ." Sanborn v. Greenwald, 39 Conn. App. 289,297-98, 664 A.2d 803, cert. denied, 235 Conn. 925, 666 A.2d 1186 (1995). CT Page 1135 . . The plaintiff here has failed to meet this next step. The duty of the defendant to file a timely suit is not a continuing duty that relates to the initial wrong. The breach of that duty is the initial wrong. The plaintiff has not alleged any subsequent wrongful conduct relating to the initial breach on the part of the defendant. See Rosenfield v. Rogin,Nassau, Caplan, Lassman Hirtle, LLC, supra, 69 Conn. App. 162. Accordingly, the second prong of the continuing course of conduct doctrine has not been met. Therefore the plaintiffs professional malpractice claim is time barred under § 52-577, and the defendant's motion for summary judgment as to count one on this basis is granted.
 B. Failure of Proof of Negligence
Additionally, the defendant moves for summary judgment as to count one on the basis that the plaintiff cannot prove the elements of a cause of action for legal malpractice, namely, causation and damages. The defendant argues, citing 4 R. Mallen J. Smith, Legal Malpractice (5th Ed. 2000) § 30.17, p. 495, that in order to succeed on her malpractice claim, the plaintiff must prove that she would have succeeded on the claim for negligent infliction of emotional distress had the defendant filed it timely.
"In general, the plaintiff in an attorney malpractice action must establish: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages. 4 R. Mallen J. Smith, Legal Malpractice (4th Ed. 1996) § 32.9, pp. 172-74. To prove causation and damages . . . the plaintiff must establish that the [defendant's] failure to file an action . . . within the statute of limitations period caused [her] harm because [her] . . . action is now time barred." Mayer v. Biafore, Florek O'Neill, 245 Conn. 88, 92,713 A.2d 1267 (1998). "[T]he initial inquiry should be whether the time limitation was missed. An issue of causation, determined by the law at the time of the alleged error, is whether the action could have been pursued." 4 R. Mallen J. Smith, supra, (5th Ed. 2000) § 30-17, p. 495. "If the underlying action was never tried, the client essentially has a double burden of proof. First, the client must show that the attorney was negligent. Second, the client must establish that the underlying claim was recoverable and collectible." Id. Put another way, in order to prevail on a claim of legal malpractice against the defendant for failing to file a negligent infliction of emotional distress claim in the federal action before the expiration of the statute of limitations, the plaintiff must plead and prove that she would have been successful in pursuing such a claim had it been timely filed. See, e.g., Farnworth v.Ratliff, 134 Idaho 237, 999 P.2d 892 (2000) (affirming granting of summary judgment in favor of defendant attorneys, who failed to file CT Page 1136 plaintiffs tort lawsuit against county officials before expiration of statute of limitations, where plaintiff "failed to show he could have succeeded on the underlying action" because of the statutory immunity afforded to county officials); Cruz v. Durst Law Firm, 273 App.Div.2d 120,710 N.Y.S.2d 888 (2000) (defendant attorneys' summary judgment motion denied where they "failed to meet their burden as summary judgment movants to demonstrate the absence of a triable issue as to whether plaintiffs would have prevailed to some extent in the underlying [personal injury] action but for their malpractice . . . [in] allowing the Statute of Limitations to expire"); Adamopoulos v. Liotti, 273 App.Div.2d 260,708 N.Y.S.2d 706, 707 (2000) (defendants' summary judgment motion denied where issue of fact as to whether plaintiff would have prevailed in underlying action "`but for' the defendants' admitted failure to timely commence such a lawsuit"); Wilson v. Gerstenzang, Weiner Gerstenzang.245 App.Div.2d 859, 666 N.Y.S.2d 332, 333 (1997) (summary judgment granted to defendant attorneys sued by plaintiff for failing to commence intentional tort action within one year statute of limitations where plaintiff forfeited right to bring tort action by collecting workers' compensation and thereby failed to demonstrate he would have succeeded on merits of underlying tort action but for defendants' negligence);McDowell v. Waldron, 920 S.W.2d 555, 559 (Mo.App.E.D. 1999) (to prevail plaintiff must prove that "but for attorney's conduct, the plaintiff would have been successful in the prosecution of his underlying claim").
The defendant maintains that the plaintiff cannot establish that she would have succeeded on her negligent infliction of emotional distress claim had it not been timebarred for two reasons: (1) the emotional distress claim was barred by the exclusivity provisions of the Workers' Compensation Act and (2) the plaintiff is collaterally estopped from establishing the factual basis for the emotional distress claim because the jury in the federal action by special verdict rejected her claims of sexual harassment and retaliatory conduct, which conduct formed the factual basis for the emotional distress claim. For the reasons that follow, the court rejects the defendant's first claim but agrees with the defendant on her second claim of collateral estoppel.
 1. Exclusivity of Workers' Compensation Act
In the plaintiffs federal case, the District Court granted summary judgment against the plaintiff as to her claim for negligent infliction of emotional distress. The court ruled first that the claim was barred by the two year statute of limitations in General Statutes § 52-584. The court ruled additionally that "even if the court had not ruled that the negligent infliction claim was time-barred, to the extent that it arose during the course of [the plaintiffs] employment . . . the claim would CT Page 1137 have been barred by the [Workers' Compensation Act]." (Defendant's Memorandum, Exhibit F, p. 13.) In a footnote, the court clarified, however, that the Workers' Compensation Act would only have barred allegations of emotional distress arising from events prior to the plaintiffs receipt of her termination letter on November 6, 1992.[2]
(Defendant's Memorandum, Exhibit F, pp. 13-14 n. 1.) Although the court was clearly implying that the plaintiffs complaint did in fact allege tortious conduct occurring within the context of, or after, her termination, the court did not specify which paragraphs of the plaintiffs complaint contained such allegations. The parties here dispute whether the plaintiffs federal complaint contained such allegations, each pointing to various paragraphs in the complaint to support their respective positions.
"[T]he interpretation of pleadings is always a question [of law] for the court . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) Forte v. Citicorp Mortgage, Inc., 66 Conn. App. 475, 484, 784 A.2d 1024 (2001). After careful review of the allegations of the plaintiffs federal complaint, it is the opinion of this court that the allegations establish that the plaintiff was seeking damages for emotional distress caused both during the course of her employment and after receipt of her termination letter. In particular, paragraph thirty eight, where the plaintiff alleges conduct continuing after July, 1992, may be construed as encompassing the period up to and including November 6, 1992, as well as through the ninety-day termination period ending on February 5, 1993. As to these allegations of conduct during the termination process, the Workers' Compensation Act would not have barred the plaintiffs negligent infliction of emotional distress claim. Accordingly, the court rejects the defendant's first claim that, because of the exclusivity of the Workers' Compensation Act, the plaintiff cannot establish that she would have prevailed on the emotional distress claim.
 2. Collateral Estoppel
The defendant also argues that the plaintiff is collaterally estopped from establishing that she would have been successful in the federal action on a claim for negligent infliction of emotional distress. The defendant bases her argument on the findings of the jury adverse to the plaintiff in the federal action as to the plaintiffs claims for sexual harassment and retaliatory conduct, which conduct formed the basis for the negligent infliction of emotional distress claim.
"Collateral estoppel, or issue preclusion, is that aspect of res CT Page 1138 judicata which prohibits the relitigation of an issue when that issue wasactually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated inthe first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Emphasis in original; internal quotation marks omitted.) R R Pool Patio,Inc. v. Zoning Board of Appeals, 257 Conn. 456, 466, 778 A.2d 61 (2001). "Furthermore, [t]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." (Internal quotation marks omitted.) Pitchell v. Williams, 55 Conn. App. 571, 578, 739 A.2d 726 (1999), cert. denied,252 Conn. 925, 746 A.2d 789 (2000).
The jury in the federal action by special verdict determined that the plaintiff did not prove by a preponderance of the evidence that her supervisors sexually harassed her or subjected her to abusive and intimidating treatment. There is no dispute that these factual issues were fully and fairly litigated in the federal action and that the resolution of these factual issues was necessary to the jury's verdict against. the plaintiff on her federal sex discrimination and retaliation claims. It is also undisputed that the plaintiffs claims of sexual harassment and retaliatory conduct by her supervisors formed the factual basis for the negligent infliction of emotional distress claim. As discussed previously, for the plaintiff to prevail on her legal malpractice claim in the present action, she must establish that she would have been successful in proving that her supervisors sexually discriminated and retaliated against her and that such conduct caused her emotional distress. The issue of whether the plaintiffs supervisors engaged in such conduct, however, has already been determined adversely to her. To allow her to now relitigate these issues would run afoul of the collateral estoppel doctrine. Therefore the plaintiff is collaterally estopped from attempting to establish that she would have recovered on the negligent infliction of emotional distress claim had it been timely filed. Accordingly, the defendant is entitled to summary judgment as to count one on this basis.
 II COUNT TWO: BREACH OF CONTRACT
The defendant moves for summary judgment on count two of the plaintiffs complaint, which alleges breach of contract. In the opinion of the court because the plaintiffs breach of contract claim sounds in negligence, the breach of contract claim is time barred and summary judgment should be CT Page 1139 granted as to count two.
"Our Supreme Court has recognized an action in contract against an attorney." Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 530,559 A.2d 712, cert. denied, 212 Conn. 807, 563 A.2d 1356 (1989). "If the cause of action for legal malpractice sounds in breach of a written contract it is controlled by the six year statute of limitations for contract." Nosik v. Mastronardi, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 00 0379088 (March 11, 2002, Rush,J.). On the other hand, "[w]here the plaintiff alleges that the defendant negligently performed legal services and failed to use due diligence the complaint sounds in negligence, even though he also alleges that he retained him or engaged his services." Shuster v. Buckley,5 Conn. App. 473, 478, 500 A.2d 240 (1985).
In the present case, the plaintiff alleges that in failing to file the plaintiffs negligent infliction of emotional distress claim within the statute of limitations period, the defendant breached her contract with the plaintiff. The retainer agreement states that the plaintiff retained the defendant to represent her "in connection with claims arising from [the plaintiffs] employment. . . ." (Defendant's Memorandum, Exhibit A.) The contract does not state that the defendant would file negligence claims on behalf of the plaintiff.
"Where the complaint alleges legal malpractice based on negligence, the tort statute of limitations applies." Shuster v. Buckley, supra,5 Conn. App. 477. "There has been a difference of views in various Superior Court decisions as to whether a plaintiff must allege the violation of a specific contractual promise in order to sustain a cause of action for breach of contract. One line of cases has held that the plaintiff may allege both tort and contract claims without alleging a specific promise as a ground for breach of contract. . . . The other line of cases has held that a specific promise must be alleged in order to bring a cause of action in breach of contract. To be separate from a malpractice claim, the plaintiff must allege that the defendant . . . assured or warranted a specific result, as opposed to a situation where the doctor makes a generalized statement that the result will be good. . . . By requiring a special agreement these cases eliminate those cases where the plaintiff has merely alleged that the defendant impliedly agreed to meet the requisite standard of care, or, in essence, impliedly agreed not to commit malpractice." (Citations omitted; internal quotation marks omitted.) Rapco, Inc. v. Louis, Superior Court, judicial district of Hartford, Docket No. CV 00 0803569 (March 27, 2002, Wagner, J.) (31 Conn.L.Rptr. 559, 559-60). CT Page 1140
The Appellate Court found that in a medical malpractice case, "[a] breach of contract claim is a distinct claim that may arise from the same facts and may exist where the physician and patient contract for a specific result." Rumbin v. Baez, 52 Conn. App. 487, 491, 727 A.2d 744
(1999). Other Superior Court cases have subsequently inferred that "[t]here seems to be no reason for treating claims against attorneys differently from physicians. . . ." Rapco, Inc. v. Louis, supra,31 Conn.L.Rptr. 560. As such, because the plaintiff has not alleged violation of a specific promise within the attorney-client relationship, the plaintiff has failed to allege a sufficient cause of action for breach of contract. It is the court's opinion therefore, that the plaintiffs breach of contract claim is a negligence claim that is barred by the three year tort statute of limitations. Accordingly, the defendant's motion for summary judgment as to count two is granted.
 III COUNT THREE: IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
The defendant moves for summary judgment on count three of the plaintiffs complaint on the ground that withdrawal of representation with the court's permission is not actionable. In count three the plaintiff alleges that by withdrawing from representing the plaintiff, the defendant breached the implied covenant of good faith and fair dealing contained in the retainer agreement. The court finds it is undisputed that the defendant followed the rules of professional responsibility when she withdrew from representing the plaintiff. Therefore, the defendant cannot be held liable for her withdrawal.
Pursuant to Local Rule 15: "Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to proceed pro se, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw. . . ." In this case, on December 3, 1997, the District Court granted the defendant's motion to withdraw upon a submission of two in camera memoranda in support of her motions to withdraw. The District Court based its decision "on these papers and Alexandru's representation to the court that she did not oppose the motion . . . and would be seeking new counsel." (Defendant's Memorandum, Exhibit B.)
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the CT Page 1141 right of the other to receive the benefits of the agreement. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citation omitted; emphasis added; internal quotation marks omitted.)Gupta v. New Britain General Hospital, 239 Conn. 574, 598, 687 A.2d 111
(1996). The plaintiff has not offered any evidence capable of supporting the conclusion that the defendant acted in bad faith when she withdrew from representing the plaintiff. The defendant's motion for summary judgment as to count three for breach of the implied covenant of good faith and fair dealing is granted.
 IV COUNT FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
In count four of her complaint the plaintiff alleges that the defendant's withdrawal constituted intentional infliction of emotional distress upon the plaintiff. "In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff s distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 210, 757 A.2d 1059 (2000). "Liability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society. . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency. . . ." (Citation omitted; internal quotation marks omitted.) Id., 210-11. "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury." (Citation omitted.) Id., 210.
"Regardless of how the defendant's conduct is categorized . . . since her comment in the [memorandum] was absolutely privileged,[3]she would not be liable for the intentional infliction of emotional distress in any event." Petyan v. Ellis, 200 Conn. 243, 254, 510 A.2d 1337 (1986). "The actor is never liable, for example, where he has done no more than to insist upon his rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress." (Internal quotation marks omitted.) Id., 254-55. In this case, the defendant's comments were made in privileged memoranda for the purposes of asserting CT Page 1142 her right to withdraw from representation. Therefore the court grants the defendant's motion for summary judgment as to count four of the plaintiffs complaint.
 V COUNT FIVE: LIBEL/DEFAMATION
The defendant moves for summary judgment on count five of the plaintiffs complaint, which alleges that the defendant submitted a motion to withdraw that contained false allegations that were damaging to the plaintiffs reputation. "To prevail on a common-law defamation claim, a plaintiff must prove that the defendant published false statements about her that caused pecuniary harm. . . . To be actionable, the statement in question must convey an objective fact, as generally, a defendant cannot be held liable for expressing a mere opinion." (Citation omitted.) Daleyv. Aetna Life Casualty Co., 249 Conn. 766, 795, 734 A.2d 112
(1999).
In the present case, the plaintiffs claim of libel/defamation is based on communication between the defendant and the judge who oversaw the plaintiffs 1995 federal action. When the defendant sought to withdraw as counsel, she twice submitted in camera motions. "There is a long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy." (Internal quotation marks omitted.) Petyan v. Ellis, supra,200 Conn. 245-46. "In determining whether an occasion is absolutely privileged, the pivotal factor is frequently to whom the matter is published." (Internal quotation marks omitted.) Kelley v. Bonney,221 Conn. 549, 575, 606 A.2d 693 (1992). It is undisputed that the statements made regarding the plaintiff were to a judge in the context of a judicial proceeding. Therefore, the defendant cannot be held liable for statements made in camera to a judge during the course of the plaintiffs federal action because such statements are privileged. Accordingly, the defendant's motion for summary judgment as to count five is granted.
 ___________________ Hale, JTR