OPINION OF THE COURT
Per Curiam.
Order, entered September 23, 2011, modified to deny defendant’s motion for summary judgment and to reinstate the complaint; as modified, order affirmed, with $10 costs to plaintiffs-appellants.
Plaintiffs’ legal malpractice claim is not ripe for summary dismissal since the defendant law firm failed in its burden to demonstrate the absence of a triable issue as to whether plaintiffs would have prevailed to some extent in the underlying action but for defendant’s alleged malpractice (see Cruz v Durst Law Firm, 273 AD2d 120 [2000]), i.e., failing in the underlying action to identify and timely serve a notice of claim upon the Hudson River Park Trust, the record owner of the bicycle path on which the first-named plaintiff was injured.
Giving plaintiffs the benefit of every favorable inference (see Ortega v Everest Realty LLC, 84 AD3d 542, 545 [2011]), the record contains circumstantial evidence sufficient to permit a fact-finder to determine that the condition which allegedly caused the first-named plaintiff to fall from his bicycle — described as a six-foot-by-three-foot patch of a “glass bead-like material used in the painting of bike ways ... to provide better visibility”— was created by a contractor retained by the Trust (see Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743, 744-745 [1986]; Chimilio-Ramos v Banguera, 62 AD3d 538 [2009]; Carboy v Cauldwell-Wingate Co., Inc., 43 AD3d 261, 262-263 [2007]; Berner v 2061 A Bartow Food Corp., 279 AD2d 275 [2001]), for which the Trust may have been held vicariously liable, if properly sued in the underlying action, based upon its nondelegable duty as the owner of the public bicycle path (see Sarisohn v 341 Commack Rd., Inc., 89 AD3d 1007, 1008 [2011]; Hill v Fence Man, Inc., 78 AD3d 1002, 1004 [2010]; Correa v City of New York, 66 AD3d 573, 574-575 [2009]). Thus, the lack of prior notice to the Trust of the hazard was not dispositive of the Trust’s potential liability (see Jabbour v Finnegan’s Moving & Warehouse Corp., 299 AD2d 192 [2002]; Katz v City of New York, 231 AD2d 448 [1996]).
*89 Defendant’s summary judgment evidence failed to conclusively establish that a contractor retained by the Trust did not cause or create the pathway condition that allegedly caused the first-named plaintiffs injuries. The deposition testimony of the Department of Transportation (DOT) employee (Patel) did not serve to absolve the Trust of potential liability since Patel testified that “it is possible” that the Trust could have contracted for the repair or painting of the bike path without DOT’S knowledge.
The record so far developed raises triable issues as to whether plaintiffs would have prevailed in the underlying personal injury litigation “but for” defendant’s negligence (cf. Wo Yee Hing Realty Corp. v Stern, 99 AD3d 58 [1st Dept 2012]).
Lowe, III, PJ., Shulman and Torres, JJ., concur.