64 P.3d 323

**Charles Wesley SUITS, D.O., Plaintiff–Appellant,**

v.

**IDAHO BOARD OF PROFESSIONAL DISCIPLINE, Idaho State Board of Medicine, Defendant–Respondent.**

No. 27779.

Supreme Court of Idaho.
Twin Falls, November 2002, Term.

Feb. 10, 2003.

James Annest, Burley, for appellant.

Uranga & Uranga, Boise, for respondent. Jean R. Uranga argued.

TROUT, Chief Justice.

This is an appeal from a disciplinary order issued by the Idaho State Board of Medicine ("Board") against Dr. Charles Suits.[1] The order revoked Dr. Suits's Idaho license to practice osteopathic medicine and surgery with a provision he could not reapply for an Idaho license for five years. Because the facts support the Board's order, the district court judgment upholding the Board's decision is affirmed.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In early 1996, Dr. Suits was separated from his wife and hired a woman ("K.B.") to

---

1. The Legislature's revision in 2000 of I.C. §§ 54–1806 and –1806A dissolved the "Board of Professional Discipline" and created in its place a "Committee on Professional Discipline."

help care for his children and pay bills. Dr. Suits employed K.B. from February until May, 1996, when Dr. Suits reconciled with his wife. Dr. Suits and K.B. developed a relationship involving sex, lending money to K.B., and writing drug prescriptions for K.B.

In the spring of 1998, K.B. was arrested for forging a boyfriend's name on a credit application. K.B. then signed a cooperation agreement with the Cassia County Sheriff's office ("Sheriff"), wherein she agreed to assist the police in exchange for concessions on her pending felony charges. K.B. did not follow through on the terms of the cooperation agreement, and she thereafter pled guilty and received a withheld judgment.

While on probation, a friend of K.B. reported to K.B.'s probation officer that K.B. was receiving prescriptions from Dr. Suits in the name of Von Williamson and that K.B. was having a sexual relationship with Dr. Suits. Following the discovery of Vicodin pills in K.B.'s possession, K.B. acknowledged that she had obtained a prescription from Dr. Suits in the name of Von Williamson to obtain the pills for the purpose of selling them to raise Christmas money. K.B. was arrested on December 2, 1998, for the probation violation, and subsequently agreed to assist the Sheriff with drug buys in exchange for concessions on her criminal charges.

On December 23, 1998, Dr. Suits gave K.B. samples of phendimetrazine tartrate for her use as "speed" and he also gave her sleeping pills. K.B. also obtained a second prescription from Dr. Suits in the name of Von Williamson for Vicodin so she could sell it to get money. On December 31, 1998, Dr. Suits agreed to trade a Vicodin prescription for a "teener" (1/16th ounce of methamphetamine). The Sheriff's office taped conversations between K.B. and Dr. Suits on December 23 and twice on December 31. When the Vicodin prescription was traded to an undercover police officer for the methamphetamine on December 31, the entire transaction, involving four officers from the Sheriff's office and four officers from the Idaho State Police, was photographed and taped. Dr. Suits was arrested for possession of methamphetamine on December 31, 1998, and was convicted on February 10, 2000, after a three-week jury trial. The Court of Appeals affirmed the conviction on appeal.

The Board of Professional Discipline filed an eight count disciplinary complaint against Dr. Suits on March 9, 2000, alleging violations of the Idaho Medical Practices Act. A six-day evidentiary hearing held before a hearing officer appointed by the Board concluded in July. The hearing officer's Findings of Fact, Conclusions of Law, and Recommended Order were entered on September 7, 2000. The Board then adopted the hearing officer's decision and issued its Findings of Fact, Conclusions of Law, and Final Order. On December 5, 2000, the Board issued an Order denying Dr. Suits's Petition for Reconsideration. Dr. Suits appealed the Board's decision to the Fifth Judicial District Court arguing that he was entitled to a hearing before a panel of licensed physicians rather than a hearing officer, and that the record did not support the Board's conclusions. The district court affirmed the Board's decision, holding that Dr. Suits was not entitled to a hearing before a panel of licensed physicians and that the record supported the Board's conclusions. Dr. Suits filed a timely Notice of Appeal.

## II.

### STANDARD OF REVIEW

When the Board of Medicine has disciplined a medical doctor, the standard of review for an appeal to this Court is found in I.C. § 67–5279. We review the Board's record independently of the district court's decision. *Pearl v. Board of Professional Discipline*, 137 Idaho 107, 111, 44 P.3d 1162, 1166 (2002). We defer to the Board's findings of fact unless those findings are clearly erroneous. *Id.* This Court shall not substitute its judgment for that of the Board as to the weight of evidence presented in the record. I.C. § 67–5279(1).

The Board's findings must be affirmed unless the findings are not supported by substantial evidence in the record as a whole or the findings are arbitrary, capricious or an abuse of discretion. I.C. § 67–5279(3)(d) and (e). Substantial evidence is more than a scintilla of proof, but less than a preponder-

ance; it is relevant evidence that a reasonable mind might accept to support a conclusion. *Pearl*, 137 Idaho at 112, 44 P.3d at 1167.

## III.

## DISCUSSION

The district judge's decision is affirmed because (1) the Board has the authority to appoint a hearing officer to oversee disciplinary proceedings; (2) it is unnecessary to decide whether an entrapment defense is available in administrative cases because no reasonable view of the evidence presented by Dr. Suits supports the defense; and (3) the hearing officer's Findings of Fact and Conclusions of Law adopted by the Board are amply supported by the evidence and are not clearly erroneous, arbitrary, or capricious.

### A. Hearing Officer May Oversee Disciplinary Proceedings

Dr. Suits initially appealed the Board's decision to have his disciplinary hearing conducted by a hearing officer instead of a panel of physicians. He has subsequently withdrawn this issue in light of our recent decision in *Pearl v. Board of Professional Discipline*, 137 Idaho 107, 44 P.3d 1162 (2002), in which we held that the Medical Practices Act allows the Board to appoint hearing officers to oversee disciplinary hearings. *Id.* at 113–114, 44 P.3d at 1168–1169.

### B. Entrapment Defense Does Not Apply

 Dr. Suits attempts to raise the entrapment defense as a shield in his disciplinary proceeding. We need not reach this issue, however, because Dr. Suits has never admitted that he committed any of the underlying offenses. His defense that the criminal offense did not happen is inconsistent with his claim on appeal that he was entrapped into committing the crime. Therefore, he is not in a position to assert the entrapment defense. *See State v. Mata*, 106 Idaho 184, 185–186, 677 P.2d 497, 498–

499 (Ct.App.1984) (recognizing that entrapment defense necessarily implies that defendant admits to engaging in the criminal acts).[2] In addition, Dr. Suits asserts that spoliation of evidence requires reversal of the Board's decision. Dr. Suits provided testimony of Edward Wolfrum, who concluded that the taped statements were altered to incriminate Dr. Suits. Mr. Wolfrum was discredited, however, when it was revealed that he had lied about his educational qualifications. Conversely, an FBI tape expert testified that the tapes were not altered. Dr. Suits's claim of spoliation is not credible. We refuse to set aside the Board's decision because the evidence presented to the Board does not support the entrapment defense nor does it show spoliation of evidence.

### C. The Record Supports The Board's Findings Of Fact And Conclusions Of Law

 This Court will not substitute its judgment for that of the Board as to the weight of evidence presented in the record, and will defer to the Board's Findings of Fact unless they are clearly erroneous. *See* I.C. § 67–5279(1) and (3)(d). Dr. Suits contends that the Board's Findings of Fact are either clearly erroneous or arbitrary and capricious. Dr. Suits fails to point to facts that demonstrate the Board's findings are clearly erroneous. Dr. Suits simply reargues facts that were decided against him by the hearing officer and the Board and affirmed by the district court. Dr. Suits's unsupported assertions of error are fatal to his appeal, as we will not search the record for unspecified error. *See Farnworth v. Ratliff*, 134 Idaho 237, 240, 999 P.2d 892, 895 (2000).

The Board's Findings of Fact are supported by the record and warrant deference. With regard to Count One, the Board found that a recorded conversation disclosed Dr. Suits's intent to provide prescription drugs in return for methamphetamine; undercover police officers later completed the "reversal" in which Dr. Suits made the unlawful ex-

---

**2.** Dr. Suits was given the opportunity to present evidence in support of his entrapment claim, but the jury in the criminal trial rejected the entrapment defense and the tribunals in the disciplinary proceedings have found that the facts do not support the defense. This Court is required to defer to the Board's findings unless those findings are clearly erroneous. *See* I.C. § 67–5279(3)(d). Dr. Suits has not demonstrated that the Board's findings are clearly erroneous.

change for the methamphetamine. The Board's findings on Count Two are supported by evidence showing that Dr. Suits provided K.B. with two sample bottles of controlled substances. In Count Three, the Board's finding that Dr. Suits gave a prescription to K.B. that was made out to another person was supported by a handwriting expert's testimony. Count Four, exchanging a prescription for a "teener" of methamphetamine, was supported by evidence in a taped conversation. Count Five was supported by evidence of Dr. Suits's criminal conviction that has been affirmed on appeal. Count Six was based on testimony by a nurse and doctor, and that evidence revealed that Dr. Suits submitted falsified medical records in his criminal trial. Finally, Count Seven is supported by evidence showing that Dr. Suits obtained controlled substances without a prescription and the controlled substances were found in Dr. Suits's possession upon his arrest. There is substantial and competent evidence supporting the Board's determination that Dr. Suits committed the charged offenses, and the Board was not arbitrary and capricious in making that determination. Because the Board's findings and conclusions are supported by evidence in the record, we uphold the Board's order.

## D. Attorney's Fees

■ The Board requests an award for attorney's fees and costs pursuant to I.A.R. 11.1 and I.C. § 12–121. Because the issue regarding the authority of the Board to appoint a hearing officer to oversee disciplinary proceedings was not settled at the time Dr. Suits brought this appeal, we conclude that this was not a frivolous appeal. Accordingly, attorney's fees are not awarded to either side.

## IV.

## CONCLUSION

We do not reach the issue of whether the entrapment defense may be raised in an administrative proceeding because Dr. Suits's own conflicting claims preclude our consideration of the entrapment defense. We hold that the Board's findings are sup-

ported by the evidence and are therefore entitled to deference. We affirm the district court order upholding the Board's findings and conclusions. We award costs on appeal to the Board.

Justices SCHROEDER, KIDWELL, EISMANN and Justice Pro Tem REINHARDT, concur.