IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41127

| | | |
|---|---|---|
| DAVID BRUMMETT, | ) | 2014 Unpublished Opinion No. 848 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: December 5, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order summarily dismissing petition for post-conviction relief, affirmed.

David Brummett, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

David Brummett appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

The state charged Brummett with burglary, petit theft, and being a persistent violator. After a jury trial, Brummett was found guilty of burglary and petit theft. The district court found that Brummett was a persistent violator after Brummett waived a jury trial on that issue. Brummett was sentenced to a unified term of fifteen years, with a minimum term of confinement of five years for burglary and being a persistent violator, and a concurrent term of 365 days for petit theft. This Court affirmed Brummett's judgment of conviction in *State v. Brummett*, 150 Idaho 339, 247 P.3d 204 (Ct. App. 2010).

Brummett filed a pro se petition for post-conviction relief alleging a violation of his rights based on collusion between his attorney and the state, a speedy trial right violation, error in

1

the admission of I.R.E. 404(b) evidence at trial, a double jeopardy violation, prosecutorial misconduct, jurisdictional issues, and multiple claims of ineffective assistance of trial counsel. The district court appointed counsel to represent Brummett in his post-conviction proceedings. Brummett's counsel filed a motion for stay of the proceedings and for leave to amend Brummett's petition for post-conviction relief. The district court granted Brummett sixty days to file an amended petition. No amended petition was filed. The state filed its answer to the petition for post-conviction relief and requested that Brummett's action be dismissed. The district court issued a notice of intent to dismiss and gave Brummett twenty days to respond. After considering Brummett's response to the notice, the district court dismissed the action. Brummett appeals.

## II.

### STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of

2

material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free

review.  *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

**III.**

**ANALYSIS**

On appeal, Brummett argues that the district court erred in summarily dismissing his petition for post-conviction relief.  The crux of Brummett's argument is that there was a genuine issue of material fact as to whether his counsel was ineffective and, therefore, the district court erred in denying Brummett the opportunity to proceed to an evidentiary hearing to resolve the factual issue.

**A.     Ineffective Assistance of Trial Counsel**

Brummett argued before the district court that his trial counsel was ineffective for many reasons addressed by the district court, including counsel:  failed to object to the introduction of an officer's testimony; failed to object to certain "questions of incrimination" asked of Brummett by the state at trial; failed to object to the introduction of Brummett's knife as evidence at trial; failed to object "to no physical evidence being brought into evidence"; withdrew Brummett's I.C.R. 29 motion for a mistrial; failed to argue Brummett was entrapped; "talked him into withdrawing" his motion to disqualify his counsel; and stipulated to remand to the magistrate for another preliminary hearing instead of filing a motion to dismiss.

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act.  *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30.  To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988).  To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different.  *Id.* at 761, 760 P.2d at 1177.  This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or

4

other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

### 1. Failure to object

Brummett argued that his counsel was ineffective for failing to make several objections regarding the evidence at trial. Brummett's counsel did object numerous times to the admission of evidence. Counsel's failure to object to the admission of some evidence may have reflected a conscious trial strategy to avoid frequent overrulings by the judge and annoyance of the jury. *See State v. Higgins*, 122 Idaho 590, 603, 836 P.2d 536, 549 (1992). As the Ninth Circuit has stated, "We need not determine the actual explanation for trial counsel's failure to object, so long as his failure to do so falls within the range of reasonable representation." *Morris v. California*, 966 F.2d 448, 456-57 (9th Cir. 1991). The Idaho Supreme Court has held that arguably strategic judgments by trial counsel will not be disturbed unless found to be objectively unsound. *State v. Leavitt*, 116 Idaho 285, 291, 775 P.2d 599, 605 (1989). Here, Brummett has not met his burden of proving that his counsel's strategy was objectively unsound or that any of the alleged errors would have undermined confidence in his convictions. While Brummett has compiled a rather lengthy list of alleged errors in failing to object, his argument stands unsupported by any evidence as to how proper objections would have, with a reasonable probability, changed the result of Brummett's trial. Moreover, many of trial counsel's alleged errors in failing to object involved evidence that was at least arguably admissible. Our review of the record reveals that, even if Brummett's counsel had successfully made all of the objections Brummett contends counsel should have made, the jury would have had ample evidence to find Brummett guilty of burglary. Therefore, Brummett's counsel was not ineffective for failing to make the various objections.

### 2. Failure to pursue motions

Brummett argued that his counsel was ineffective for failure to pursue a motion to dismiss and a motion for a mistrial. Strategic or tactical decisions made by trial counsel will not be second-guessed on review, unless those decisions were made upon a basis of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation. *Campbell v. State*, 130 Idaho 546, 548, 944 P.2d 143, 145 (Ct. App. 1997). In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in

determining whether the attorney's inactivity constituted incompetent performance. *Boman v. State*, 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Boman*, 129 Idaho at 526, 927 P.2d at 916. Thus, in order to determine if counsel's failure to object fell below a reasonable standard, this Court must first determine whether the motion would have been granted by the district court. The district court began explaining why it was denying the motion to dismiss when Brummett's counsel withdrew the motion. Based upon the context of counsel's withdrawal, it is clear that the motion to dismiss was not going to be granted and, therefore, counsel was not ineffective for failing to pursue the motion. With regard to counsel's failure to pursue a motion for a mistrial, Brummett has failed to provide argument or authority. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Further, Brummett failed to show that his counsel's decision was due to inadequate preparation, ignorance of the relevant law, or a shortcoming capable of objective evaluation. Therefore, Brummett has failed to show that his counsel was ineffective for failing to pursue the motion to dismiss or the motion for a mistrial.

### 3. Failure to argue entrapment

Brummett argued that his counsel was ineffective for failing to argue that Brummett was entrapped. An entrapment defense necessarily implies that a defendant admits to engaging in the criminal acts. *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he or she did so for tactical reasons rather than through sheer neglect. *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). Here, Brummett denies that he engaged in burglary and, therefore, the entrapment defense was not available to him. Thus, it was not unreasonable for trial counsel to conclude that, rather than pursuing the entrapment defense, trial preparation efforts should focus on building the defense theory consistent with the version of events relayed by Brummett. Therefore, Brummett's counsel was not ineffective for failing to argue the defense of entrapment.

**4.      Advising to withdraw motion to disqualify counsel**

Brummett argues that it was ineffective assistance of counsel for his counsel to "talk[] him into withdrawing" his motion to disqualify counsel. It was not objectively deficient for Brummett's counsel to advise his client against disqualifying his counsel. Further, after listening to his counsel, and after considering the advice given by his counsel, Brummett voluntarily chose to withdraw the motion. Finally, even if Brummett's counsel had erred in advising Brummett to withdraw his motion, Brummett has not met his burden of showing that, but for his attorney's advice to withdraw his motion, the result of the trial would have been different. *See Ridgley*, 148 Idaho at 675, 227 P.3d at 925. Therefore, Brummett has failed to show that counsel was ineffective for advising him to withdraw his motion to disqualify counsel.

**B.      Other Claims for Relief**

Brummet asserts a number of other claims of error on appeal, including the improper use of I.R.E. 404(b) evidence, the introduction of evidence at trial without sufficient notice, and the reliability of a "grainy" video. The scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.; Whitehawk v. State*, 116 Idaho 831, 832-33, 780 P.2d 153, 154-55 (Ct. App. 1989). Brummett's additional claims will not be addressed because they are not properly before this Court. Each claim fails because the issue was either raised on direct appeal and cannot be considered in a post-conviction proceeding, should have been raised on direct appeal, was not raised to the district court below and will not be considered for the first time on appeal, or is otherwise without merit.

## IV.

## CONCLUSION

Brummett has failed to meet his burden of proving that his trial counsel was ineffective for failing to make specific objections, failing to pursue motions, failing to argue an entrapment defense, or for advising Brummett to withdraw his motion to disqualify counsel. Brummett's other arguments are not properly before this Court. Therefore, we affirm the district court's order summarily dismissing Brummett's petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ, **CONCURS**.

Judge LANSING, **CONCURS IN THE RESULT.**