# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51139

| | | |
|---|---|---|
| In the Matter of: John Doe I and Jane Doe I, Children Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: January 2, 2024 |
| Petitioner-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JANE DOE (2023-37) | ) ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellate. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie C. Tucker, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Aaron Bazzoli, Canyon County Public Defender; Alex W. Brockman, Deputy Canyon County Public Defender, Caldwell, for appellant.

Hon. Raúl R. Labrador, Attorney General; Teri Whilden, Deputy Attorney General, Caldwell, for respondent.

_____

HUSKEY, Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights to her two children. Doe argues the magistrate court erred in finding it is in the best interests of the children to terminate her parental rights. The magistrate court's judgment terminating Doe's parental rights is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe is the mother of the two children subject to this action. After police responded to Doe's home, a safety plan was put in place for the children to reside with a maternal relative while Doe attempted to work through services informally with the Idaho Department of Health

1

and Welfare (Department). However, after a few months, the maternal relative could no longer care for the children, and the children were declared in imminent danger by law enforcement. At an adjudicatory hearing, the magistrate court vested legal custody of the minor children in the Department, and a case plan was established with the primary goal of reunification. Doe made little, if any, progress on her case plan and, as a result, the primary goal changed from reunification to termination of Doe's parental rights.

The Department filed a verified petition to terminate Doe's parental rights to the children. Approximately a month later, Doe began to make progress on the case plan and, thereafter, the Department placed the children with Doe for an extended home visit. However, approximately two months later, Doe began exhibiting the same behaviors that caused the children to be declared in imminent danger in the first place. As a result, the Department ended the extended home visit and placed the children with the maternal relative now acting as a foster parent. Doe relapsed on methamphetamine after the extended home visit ended and did not submit to drug testing as requested by the Department.

A termination trial was held and after hearing evidence, the magistrate court found Doe had neglected her children and it is in the best interests of the children that Doe's parental rights be terminated. The magistrate court issued an order and judgment terminating Doe's parental rights to both children.[1] Doe timely appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143

---

[1] The children have different fathers. The parental rights of each father were also terminated. Those terminations are not at issue in this appeal.

Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

**III.**

**ANALYSIS**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Doe does not challenge on appeal the magistrate court's finding that she neglected her children.[2] As such, she concedes there was a statutory basis for the termination of her parental rights.

---

[2] Although the magistrate court concluded Doe neglected her children, the court did not explicitly cite to Idaho Code § 16-2005(1)(b). For purposes of this appeal, we assume this is the

3

However, Doe argues the magistrate court erred in holding that it is in the best interests of the children to terminate her parental rights. The State argues the magistrate court's finding that termination of parental rights is in the best interests of the children is supported by substantial and competent evidence.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

In this case, the magistrate court found it is in the best interests of the children to terminate Doe's parental rights because Doe continues to struggle with the use of controlled substances, is unable to prioritize her children's needs, and Doe is impulsive, disorganized, and unstable. The magistrate court also found the children have spent too long in foster care where they have improved, their needs are met, and they receive beneficial services to promote their well-being. Further, the magistrate court noted the children are in a stable home, where they are not subject to substance use or violence. These factual findings are supported by clear and convincing evidence and are not challenged by Doe on appeal.

---

section upon which the magistrate court based its decision. Although Doe does not challenge the magistrate court's finding of neglect on appeal, we will briefly address it. The record in this case demonstrates clear and convincing evidence upon which the magistrate court could find Doe failed to complete the case plan, the children had been in the Department's custody for fifteen of the last twenty-two months, and reunification had not been accomplished by the last day of the fifteenth month in which the children had been in the temporary or legal custody of the Department. Thus, the magistrate court's finding of neglect is supported by the appropriate evidentiary standard.

Instead, Doe argues the magistrate court erred in concluding it is in the best interests of the children to terminate her parental rights because the magistrate court did not adequately consider the nature of the bond between Doe and her children, which should be given greater weight than other best interests factors and that there would be no harm in providing Doe with additional time or exploring permanent guardianship as an alternative to termination of parental rights. Doe concedes there is no precedent supporting either argument and acknowledges that there is precedent to the contrary. Additionally, Doe fails to cite to any evidence in the record to support her claim regarding the strength of the bond between her and her children or the bond between the children. This Court will not search the record on appeal for error. *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). Doe also fails to provide legal authority to support her argument that the foster parent's willingness to act as a guardian or the children's bond with each other are relevant to determining the children's best interests. This Court will not consider arguments that are not supported by cogent argument and authority, and a party waives an issue on appeal if either argument or authority is lacking. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Therefore, the magistrate court's judgment terminating Doe's parental rights is affirmed.

## IV.

## CONCLUSION

Doe has failed to show that the magistrate court erred in determining that termination is in the children's best interests. Therefore, the magistrate court's judgment is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.

5