**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49490**

| | |
|---|---|
| SAMARI PRENTICE WINN, | ) |
| | ) **Filed: February 7, 2024** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order denying Idaho Rule of Civil Procedure 60(b) motion; affirmed.

Samari Prentice Winn; Eloy, Arizona, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Samari Prentice Winn appeals from the district court's order denying his Idaho Rule of Civil Procedure 60(b)(1) and (2) motion. We affirm the district court's order.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Winn was convicted by a jury of two counts of aiding and abetting first degree murder and one count of aiding and abetting attempted first degree murder. The district court imposed concurrent, unified sentences of life, with forty years determinate, for the aiding and abetting first degree murder charges and a concurrent fifteen-year determinate sentence for the aiding and abetting attempted first degree murder charge. Winn appealed his sentences, which were affirmed by this Court in an unpublished opinion; a remittitur was issued on December 5, 2017. *State v. Winn*, Docket No. 44345 (Ct. App. Nov. 21, 2017).

1

On June 10, 2019, Winn filed a motion to toll the statute of limitations to file a post-conviction petition but had not yet filed a petition for post-conviction relief. The State filed a motion to dismiss the motion to toll time. The district court ultimately dismissed the motion. The district court also issued a notice of intent to dismiss the post-conviction proceedings because no petition for post-conviction relief had been timely filed and because equitable tolling was not warranted. Winn responded, but despite his response, in September 2019, the district court dismissed the post-conviction case. Winn appealed the dismissal. On appeal, this Court affirmed the district court's denial of the motion to toll and reversed the dismissal of the post-conviction case because as no petition had been filed, there was nothing to dismiss. *Winn v. State*, Docket No. 47532 (Ct. App. Feb. 17, 2021) (unpublished).

Winn filed a petition for post-conviction relief while the appeal in Docket No. 47532 was pending. In that petition, Winn asserted a general allegation that his claims involved ineffective assistance of counsel and further clarified that the ineffective assistance of counsel claims were premised on counsel's failure to adequately represent Winn. Winn neither provided additional specificity for his claims nor included an affidavit or factual support for his claims. The State filed an answer and asserted several affirmative defenses, including that the petition was untimely filed and Winn failed to state a claim upon which relief could be granted. The State also moved to dismiss or stay the proceeding pending appeal and further explained why Winn's petition was untimely and failed to state a claim upon which relief could be granted. The district court issued a notice of lack of authority pursuant to Idaho Appellate Rule 13(b) to consider the petition or rule on the State's motion during the pendency of the appeal.

In February 2021, after this Court issued an opinion vacating the judgment and dismissing the petition for post-conviction relief, the district court issued a scheduling order related to the State's motion to dismiss Winn's petition. Therein, the district court noted that the remittitur in Winn's direct appeal was issued December 5, 2017, and thus, any post-conviction petition had to be filed no later than December 5, 2018. As a result, the petition filed on August 17, 2020, was untimely. The district court provided Winn twenty-one days from entry of the order to file responsive briefing or affidavits and explicitly stated that if nothing was received from Winn by April 5, 2021, it would take the State's motion to dismiss under advisement on April 6, 2021. No response was filed by April 5, and the district court summarily dismissed Winn's petition for post-conviction relief.

On April 20, 2021,[1] Winn filed another petition for post-conviction relief, affidavit in support, and motion for appointment of counsel. The district court found the petition was not properly filed pursuant to I.R.C.P. 15 because the State had already filed a responsive pleading and Winn did not seek, and had not been granted, leave to amend his previous filing. However, under the circumstances, the district court found it appropriate to address the petition as a proposed amended petition. Even as a proposed amended petition, the district court found the petition failed to allege factual support for the claims and, therefore, failed to show Winn was entitled to post-conviction relief. The court also found that Winn failed to allege any facts that justified the untimely filing of the petition. The final judgment dismissing the petition was entered April 26, 2021.

On October 25, 2021, Winn filed a motion for relief of judgment under I.R.C.P. 60(b)(1) and 60(b)(2). Winn's I.R.C.P. 60(b)(1) claim alleged his failure to timely file documents was based on mistake, inadvertence, and excusable neglect because he lacked access to legal materials and did not understand his legal obligation in responding to the State's motion to dismiss his post-conviction petition, what pleadings he was supposed to file, and when to file them. Winn's I.R.C.P. 60(b)(2) claim alleged newly discovered evidence, including exhibits that purportedly showed when he had access to legal materials and a newspaper article regarding a new trial in the underlying criminal case for a co-defendant. The State filed an objection to Winn's motion, arguing that the mistake was primarily Winn's misunderstanding of the law, and Winn failed to identify factual bases for his petition. Winn filed a response, asserting the prison mail contributed to his tardiness which was a basis for excusable neglect. The district court denied the motion. Winn appealed.

## II.

## ANALYSIS

Winn asserts the district court abused its discretion in denying his motion for relief under I.R.C.P. 60(b)(1) and (2). Winn argued he was entitled to relief pursuant to I.R.C.P. 60(b)(1) because of mistake and excusable neglect. Winn also argued he was entitled to relief pursuant to I.R.C.P. 60(b)(2) based on newly discovered evidence. Winn alleges he is entitled to relief on these bases because of limited access to the law library, delayed receipt of his case files, and a

---

[1] This document only has the received date and not the filing date. This is likely because the district court ordered the filing date redacted from the document.

misunderstanding of what documents were before the district court and his obligations to timely file responses to motions. The State alleges the claims are unsupported by fact, conclusory in nature, and lacking a basis for relief. The district court concluded that Winn's claim of excusable neglect was not what would be expected of a reasonably prudent person because, for several years, Winn had been on notice that his post-conviction petition was deficient and untimely filed but he filed no documents addressing the deficiencies. The district court reasoned that Winn had notice on September 20, 2019, that his post-conviction petition was deficient and untimely; Winn had notice of the State's motion to dismiss, including the bases for the dismissal, when the dismissal was filed on September 15, 2020; and Winn was notified that the district court required a response from Winn by April 6, 2021, regarding the motion to dismiss, but Winn failed to file a response. Given the length of time that Winn had notice of the deficiencies in the petition and his failure to timely respond, the district court concluded any neglect was not excusable. Second, the district court concluded that Winn's misunderstanding that he needed to timely file responses to the State's motions and/or the district court's orders was a mistake of law, not a mistake of fact, and thus, Winn was not entitled to any relief on that basis.

As to Winn's I.R.C.P. 60(b)(2) argument that there was newly discovered evidence, the district court concluded that Winn's information about his access to materials was not new information supporting any claim in the post-conviction petition. The district court noted, "In fact, the Motion for Relief from Judgment does not contain any new facts or arguments related to the underlying criminal case or conviction from which he seeks relief."

Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* As the appellant, Winn has the burden of alleging and showing in the record an error by the district court in his post-conviction proceeding. *See Almada v. State*, 108 Idaho 221, 224, 697 P.2d 1235, 1238 (Ct. App. 1985). Idaho Appellate Rule 35(a)(6) requires the argument section of the brief to contain the argument of appellant with citations to authorities, statutes, and parts of transcript and record relied upon. To the extent that an assignment of error is not argued and supported in compliance with the Idaho Appellate Rules, it is deemed to be waived. *See Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005); *see also Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010) (where appellant fails to assert assignments of error

4

with particularity and support his position with sufficient authority, those assignments of error are too indefinite to be heard by court). This Court will not search the record on appeal for error. *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). Moreover, a party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Winn's brief on appeal suffers from several deficiencies. First, he does not identify the appropriate standard of review or which prong of the abuse of discretion standard the district court ostensibly violated. This is fatal to his claim. *See Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018); *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017). Second, although Winn quotes from various documents, he does not cite to the record for those documents, and this Court declines to search the record for the documents Winn references. *Suits*, 138 Idaho at 400, 64 P.3d at 326. Third, even if we were to overlook the above errors, other than a few conclusory assertions that the district court erred, Winn fails to provide argument and authority explaining how the district court abused its discretion in denying his I.R.C.P. 60(b) motion, resulting in a waiver of his claims. *Powell*, 130 Idaho at 128, 937 P.2d at 440.

In his I.R.C.P. 60(b) motion, Winn was required to demonstrate why the district court erred in summarily dismissing his untimely filed post-conviction petition. Winn knew his petition was untimely but he provided no admissible evidence in the petition or in his I.R.C.P. 60(b) motion to explain why he could not have timely filed his petition.

Nonetheless, Winn failed to show that he was entitled to I.R.C.P. 60(b) relief or that the district court erred. Winn relies on a recitation of the history of his post-conviction filings as a source of confusion as to what he was supposed to do in response to the district court's notice giving Winn twenty-one days to respond to the State's motion to dismiss, even attaching the motion. Nothing in the history supports any mistake which may form the basis for relief under I.R.C.P. 60(b). Winn failed to demonstrate why he failed to file a timely response to the notice, regardless of what form it may take. Winn belatedly filed another petition for post-conviction relief, and if he believed that was the appropriate response to the district court's notice, he presented no reason why it could not have been filed within the time to respond set by the court. Finally, Winn, while submitting an article related to his co-defendant's case, neither showed how it supported I.R.C.P. 60(b) relief or, importantly, how any information before the district court

bore on the merits of his petition or the timeliness thereof.  While we hold that Winn has waived any claim of error on appeal, the district court did not err in denying Winn's I.R.C.P. 60(b) motion.

## IV.

## CONCLUSION

For all the reasons discussed above, Winn has waived any claim of error on appeal.  The order dismissing Winn's I.R.C.P. 60(b) motion is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.