**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51657**

| | |
|---|---|
| PATRICK MICHAEL WHITE, | ) |
| | ) **Filed: April 16, 2026** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Patrick Michael White, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Patrick Michael White appeals from the judgment summarily dismissing his petition for post-conviction relief. White alleges his trial attorney rendered ineffective assistance of counsel for failing to file a motion to suppress. The State argues White fails to raise any claim of error regarding the district court's summary dismissal of his petition and that failure is fatal to his appeal. The State also argues the district court did not err in summarily dismissing White's petition because White failed to establish a genuine issue of material fact regarding his claim. Because White failed to assign any error to the district court's summary dismissal of his petition, he has waived any claim of error on appeal. The judgment summarily dismissing White's petition for post-conviction relief is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

White was cited for misdemeanor driving under the influence (DUI) after he was released from the hospital following a fentanyl overdose. Sometime during White's transport and

1

treatment, a small baggie containing a white powdery substance was found in his pocket; the substance was tested and found to be fentanyl. The State filed a new complaint (distinct from the pending DUI citation) charging White with possession of fentanyl, DUI, and possession of drug paraphernalia. An arrest warrant was issued, and bond was set.

White was arrested on the warrant during a traffic stop. In the course of the arrest, the officers discovered a metal spoon with burnt residue in White's pocket. Subsequent testing indicated the presence of heroin and methamphetamine on the spoon. White was charged with possession of heroin, possession of methamphetamine, possession of drug paraphernalia, and a persistent violator sentencing enhancement. Meanwhile, in the first criminal case, the district court dismissed the possession of fentanyl and paraphernalia charges pursuant to Idaho Code § 37-2739C(2), which precludes prosecution of certain drug offenses if the evidence supporting the charge was obtained as the result of a medical emergency. The remaining charge, misdemeanor DUI, was remanded to the magistrate court.

In the second case, following a trial, White was convicted of possession of heroin, drug paraphernalia, and of being a persistent violator; the jury acquitted White on the possession of methamphetamine charge. The sentence was affirmed on appeal. *State v. White*, Docket No. 49109 (Ct. App. Aug. 2, 2022) (unpublished).

White then filed a pro se petition for post-conviction relief with supporting documents and was appointed counsel. Ultimately, an amended petition was filed asserting a single claim: that trial counsel was ineffective for failing to file a motion to suppress the evidence recovered after the traffic stop and execution of the arrest warrant. The State filed a response and a motion for summary dismissal, arguing White's amended petition should be dismissed because the underlying arrest warrant was valid and thus, any motion to suppress on the grounds White asserted in his petition would have been unsuccessful. Following a hearing on the State's motion for summary dismissal, the district court entered a memorandum decision and order granting the State's motion for summary dismissal. The district court adopted the State's reasoning for the dismissal and also held that the dismissal of the fentanyl charges in the first case did not affect the validity of the arrest warrant in the second case. White appeals.

## II.

## ANALYSIS

White makes various arguments related to the performance of his trial counsel and appellate counsel, all premised on what he erroneously believes was an invalid arrest warrant. However, the deficiencies in White's appellate brief preclude a review of his claims.

Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* As the appellant, White has the burden of alleging and showing in the record an error by the district court in his post-conviction proceeding. *See Almada v. State*, 108 Idaho 221, 224, 697 P.2d 1235, 1238 (Ct. App. 1985). Idaho Appellate Rule 35(a)(6) requires the argument section of the brief to contain the argument of appellant with citations to authorities, statutes, and parts of transcript and record relied upon. To the extent that an assignment of error is not argued and supported in compliance with the Idaho Appellate Rules, it is deemed to be waived. *See Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005); *see also Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010) (where appellant fails to assert assignments of error with particularity and support his position with sufficient authority, those assignments of error are too indefinite to be heard by court). This Court will not search the record on appeal for error. *Suits v. Idaho Bd. of Prof'l Discipline*, 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). Moreover, a party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

White's brief on appeal suffers from several deficiencies. First, he does not identify the appropriate standard of review or how the district court violated that standard. This is fatal to his claim. *See Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018); *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017). Second, White does not identify how the district court erred in dismissing his petition or provide argument and authority in support of that argument. This results in a waiver of his claim on appeal. *Powell*, 130 Idaho at 128, 937 P.2d at 440.

Next, White's brief does not comply with I.A.R. 35. There is no table of authorities as required by I.A.R. 35(a)(2) and the argument section does not contain citation to the "authorities, statutes and parts of the transcript and record relied upon," in violation of I.A.R. 35(a)(6). An

appellant's failure to comply with I.A.R. 35(a)(6) results in a forfeiture of the alleged error. *BrunoBuilt, Inc. v. Erstad Architects, PA*, 172 Idaho 1, 12, 528 P.3d 531, 542 (2023); s*ee also Suits*, 138 Idaho at 400, 64 P.3d at 326.  As a result of the deficiencies in White's brief, he has forfeited any claim of error on appeal.

## III.

## CONCLUSION

For all the reasons discussed above, White has waived any claim of error on appeal.  The judgment summarily dismissing White's petition for post-conviction relief is affirmed.

Chief Judge TRIBE and Judge LORELLO, **CONCUR**.